UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 22-17-DLB

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                     PLEA AGREEMENT

WILLIAM LUCAS FERGUSON                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment, charging violations of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The Defendant will also admit to the forfeiture allegation in the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move the Court at sentencing to dismiss Counts 3 and 4 of the Indictment.

2. The essential elements of Counts 1 and 2 are:

    (a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

3. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On or about June 7, 2022, in Greenup County, Kentucky, an individual was looking at pictures on the Defendant's cellphone. While looking at Ferguson's pictures, the individual saw images that he or she believed to be Ferguson sexually assaulting a young child. The individual sent the images of himself or herself and, after leaving the Defendant's residence, went to law enforcement to report the images.

    (b) Law enforcement reviewed the images taken from the Defendant's phone. The photos show a young boy, approximately 3 or 4 years of age, who appears to be asleep with an adult penis close to his face. In another, the same penis appears to be penetrating the boy's anus. In another, the child's buttocks were being spread apart, so his anus was clearly visible. And in another, an adult's penis was positioned close to the boy's buttocks, as if it was ready to penetrate it.

    (c) Law enforcement then proceeded to interview the Defendant. After initially denying any knowledge of child sexual abuse material on his phone, the Defendant gave law enforcement consent to review the contents of his phone. On the phone, law enforcement located multiple images of a minor child being sexually assaulted. Eventually, the Defendant admitted that he was the adult pictured in the images and admitted that he had produced multiple sexually explicit images and videos of a three-year-old child that was in his care, custody, or control at the time of the offense.

    (d) The Defendant's phone was seized and subsequently forensically analyzed. The analysis discovered that images and/or videos of the Defendant sexually assaulting the victim on three dates: 4 images were created on April 24, 2022; 9 images and 1 video was created on May 15, 2022; and 3 images were created on May 29, 2022. The Defendant admits that the sexually explicit images videos were taken in Greenup County, KY on or about the three separate dates alleged in the Indictment. The Defendant admits that, at the time he produced visual depictions of the minor victim, he knew he was producing sexually explicit material. Finally, the Defendant admits the cellular phone used to produce the images and video were manufactured, in whole or part, outside the Commonwealth of Kentucky and, therefore, traveled in interstate or foreign commerce prior to being used by the Defendant to commit the offenses alleged in the Indictment.

4. The statutory punishment for Counts 1 and 2 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $ 250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. § 2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., August 1, 2021, manual guidelines are as follows:

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery, including all images of child sexual exploitation the Defendant possessed, received, distributed, or transported in interstate commerce.

(c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the offense involved a minor who had not attained the age of 12.

(e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the Defendant was a parent, relative, or legal guardian of the minor, or the minor was otherwise in the custody, care or supervisory control of the Defendant.

(g) Pursuant to U.S.S.G. § 4B1.5(b), add 5 levels to the offense level because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that any identified minor depicted in child sexual exploitation material produced, possessed, distributed, or received by the Defendant will be entitled to restitution pursuant to this Plea Agreement and will have all rights conferred to victims, including allocution, even if they are not victims of the counts of conviction in this matter.

6. The parties have not reached an agreement about whether an enhancement pursuant to U.S.S.G. § 2G2.1(b)(4)(A) applies, which increases the offense level by 4 if the offense involved sadistic or masochistic conduct or other depictions of violence; and whether U.S.S.G. § 3A1.1(b)(1) applies, which increases the offense level by 2 if the offense involved a vulnerable victim. This enhancement may apply if the evidence

4

demonstrates, by a preponderance of the evidence, that the victim was sleeping during the offense or if the victim suffered from developmental delays.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The United States is aware that the Commonwealth Attorney's Office in Greenup County, Kentucky has offered to allow the Defendant to plead guilty to Counts 1, Sodomy First Degree, in violation of KRS 510.070, and 7, Sexual Abuse First Degree, in violation of KRS 510.110, of Greenup County Circuit Court Indictment No. 22-CR-00106, with Counts 2 through 6 to be dismissed. The offer states that the punishment for these counts would be 25 years on Count 1 and 10 years on Count 7 to run concurrently, for a total sentence of 25 years. The Commonwealth agrees to recommend that this time should run concurrently with the Defendant's federal sentence in this case. The United States is not a party to this agreement.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Part K.

10. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for

this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense of conviction, as set out in the forfeiture allegation of the Indictment. The Defendant waives all any and all provisions set forth in Rule 32.2 regarding the timing of forfeiture orders.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to pay restitution in the amount and to the victims as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include for all losses caused by the Defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of the execution of this plea agreement, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken

place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or

agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

16. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

17. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

18. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

19. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

20. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8-9-23      By: *Erin M. Roth* (signature)

Erin M. Roth
Assistant United States Attorney

Date: 8-3-23      William L. Ferguson (signature)

William Lucas Ferguson
Defendant

9

Date: 8-3-23

Andy Markelonis
Attorney for Defendant

10